NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1399
_____

UNITED STATES OF AMERICA

v.

JOSEPH REID,
a/k/a Officer Young

Joseph Reid,
                              Appellant

_____

Appeal from the United States District Court
For the District of New Jersey
(D.C. Criminal Number 09-cr-00517-001)
District Judge: Honorable Joseph A. Greenaway, Jr.
_____

Submitted October 3, 2011

Before: McKEE, *Chief Judge*, FUENTES and COWEN, *Circuit Judges*

(Opinion Filed December 28, 2011)
_____

OPINION
_____

McKEE, *Chief Judge*.

    Appellant Joseph Reid appeals the sentence that was imposed after he pled guilty

to distributing and possessing with intent to distribute crack cocaine, in violation of 21

U.S.C. § 841(a)(1), (b)(1)(C) and 18 U.S.C. § 2.  For the reasons that follow, we affirm.

I.

As we write primarily for the parties who are familiar with the facts and procedural history of this case, we will set forth only those facts necessary to our analysis.

Reid's four prior felony convictions resulted in his classification as a career offender. His base level offense was thirty-two, but he received a three point reduction for acceptance of responsibility. He therefore had an offense level of twenty-nine and a criminal history category of four. The advisory Guidelines range was 155 and 188 months.

Reid argued for a downward departure and variance based on his claim that: (1) his criminal history was overstated; (2) his attempted cooperation; (3) the purportedly "draconian" nature of the career offender Guideline range when applied to him; and (4) his childhood, drug addiction, and desire to reform.

The court denied Reid's request for a downward adjustment to his sentence based upon its conclusion that his criminal history was not overstated and that his purported cooperation did not warrant any favorable treatment.

The court specifically found a variance was not warranted primarily because of Reid's life of crime and the unlikely probability that he would become a law-abiding citizen. Ultimately, the court imposed a 151 month sentence, the bottom of the advisory

Guideline range.  However, the court ordered the sentence to be served concurrently with the sentence he was serving on his state convictions.  This appeal followed.[1]

We review the district court's sentence to determine if the court followed the three-step process outlined below, and we review the substance of the sentence for reasonableness. *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009).

## II.

Courts must follow a three-step sentencing process.  *United States v. Booker*, 543 U.S. 220 (2005).  In *United States v. Gunter*, 462 F.3d 237 (3d Cir. 2006), we reemphasized the "three-step process" under *Booker*:

(1) Courts must continue to calculate a defendant's Guidelines sentence precisely as they would have before Booker.
(2) In doing so, they must "formally rul[e] on the motions of both parties and stat[e] on the record whether they are granting a departure and how that affects the Guidelines calculation, and take into account [our] Circuit's pre-Booker case law, which continue to have advisory force."
(3) Finally, they are required to "exercise [their] discretion by considering the relevant [§ 3553(a) factors," … in setting the sentence they impose regardless whether it varies from the sentence calculated under the guidelines.

*Ibid.*  The party challenging the sentence bears the burden of showing that the sentence is unreasonable. *United States v. King*, 454 F.3d 187, 194 (3d Cir. 2006).

The Sentencing Guidelines constitute a starting point for determining an appropriate sentencing range. However, they are only one factor that must be considered

---

[1] We have jurisdiction under 28 U.S.C. § 1291, which provides appellate jurisdiction from all final decisions of the United States District Courts.  Also, this court has jurisdiction over the challenges to the sentence under 18 U.S.C. § 3742(a).  18 U.S.C. § 3557.

3

at sentencing. 18 U.S.C. § 3553(a); *Gall v. United States*, 552 U.S. 38, 49-50 & n.6 (2007). Thus, a district court retains discretion to vary from the suggested Guideline range. *United States v. Smalley*, 517 F.3d 208, 211-12 (3d Cir. 2008). Similarly, sentencing courts have discretion to vary from the career offender Guideline on the basis of policy; however, they are not *required* to do so. *United States v. Merced*, 603 F.3d 203, 218-19 (3d Cir. 2010); *see also United States v. Lopez-Reyes*, 589 F.3d 667, 671 (3d Cir. 2009).

Here, despite Reid's arguments to the contrary, the sentencing transcript establishes that the court realized the Guideline range was but one of the § 3553(a) factors. The court extensively considered Reid's arguments for a downward variance based on other § 3553(a) factors but rejected them. Reid's claims to the contrary ignore the fact that the district court need only offer a "brief explanation" for why a sentence is appropriate. *United States v. Rita*, 551 U.S. 338, 357-359 (2007).

The court considered the Government's arguments and Reid's arguments as well as the comments Reid made to support his request for favorable consideration. The court determined a downward departure was not warranted because of the nature and circumstances of this offense, the severity of Reid's criminal history, his persistent sale of drugs, his repeated assaults, the low probability that he will become a law-abiding citizen, and his unwillingness to cooperate with law enforcement despite his statements that he would do so.

Reid's claim that the sentence was substantively flawed or an abuse of discretion is also meritless. Reid argues the district court substantively erred by: (1) applying the

career offender Guideline range; and (2) failing to give sufficient weight to the nexus between his upbringing, his drug addiction, his sale of drugs, his efforts at cooperation, or the impact of the loss of his mother.

However, the mere fact that the district court was not impressed with those circumstances does not establish substantive error given the totality of circumstances here. Not giving "mitigating factors the weight a defendant contends [does not] render[] the sentence unreasonable" or show abuse of discretion. *United States v. Bunger*, 478 F.3d 540, 546 (3d Cir. 2007). A defendant's drug addiction and upbringing are usually inappropriate and irrelevant regarding a downward variance. *See* U.S.S.G. §§ 5H1.4, 5H1.12. Moreover, the court considered Reid's attempted cooperation with the government and found those efforts woefully lacking. We agree. In addition, it is clear that the court concluded that whatever newly realized rehabilitative resolve Reid may actually have acquired was outweighed by a lengthy record of lawlessness and the low probability of successful rehabilitation it evidenced.

Accordingly, Reid has not demonstrated that the 151 month bottom-of-the-Guideline sentence imposed on him was procedurally or substantively unreasonable and the judgment of the district court will be affirmed.